ANHEUSER-BUSCH BREWING ASS'N v. DOSS *et al.*

No. 2044.    Opinion Filed December 7, 1912.

(129 Pac. 49.)

**EVIDENCE—Intoxicating Liquors—Wrongful Sale—Recovery of Price —Judicial Notice.** This court will take judicial knowledge of the fact that cities and towns within that portion of the state which was formerly Indian Territory are within that portion of the state into which it is a violation of law to introduce beer, whisky, and other intoxicating beverages and will not lend its aid in the collection of debts claimed to be due on shipments of such beverages into such territory.

(Syllabus by Harrison, C.)

*Error from Grady County Court;*
*N. M. Williams, Judge.*

Action by the Anheuser-Busch Brewing Association against C. T. Doss and others, associated as Chickasha Aeria, No. 131, Fraternal Order of Eagles. Judgment for defendants, and plaintiff brings error. Affirmed.

*Wm. Stacey,* for plaintiff in error.

Opinion by HARRISON, C. In June, 1909, Anheuser-Busch Brewing Association brought suit in the county court of Grady county against C. T. Doss, James Downs, Ben Jones, Dave Hill, J. W. Speake, and James A. Darnell, for the sum of $158.14, alleged to be due plaintiff on various shipments of beer at different dates between March 14, 1908, and April 20, 1908, alleged to have been ordered by C. T. Doss as the agent of Aeria No. 131, Fraternal Order of Eagles at Chickasha, Okla., composed of defendants above named and others to plaintiff unknown. Defendants denied liability on said account and denied the authority of said C. T. Doss to contract such debt as the agent of said Order of Eagles. The cause was tried in October, 1909, and judgment rendered in favor of defendants. From this judgment plaintiff appeals, assigning, as the principal ground for reversal, the ruling of the court in excluding the testimony of C. T. Doss, by whom plaintiff sought to prove the alleged agency. From the nature of this case and from the character of the debt sued upon, it is unnecessary to pass upon the question whether the parol testimony of the agent himself is competent to prove his agency. Conceding the rule to be that such testimony is competent, yet it is immaterial to a determination of this cause.

The record discloses that the account sued upon was for shipments of beer consigned to defendants at Chickasha, Okla. This court takes judicial cognizance that Chickasha is within that portion of the state into which it is a violation of law to introduce beverages of this character and will not lend its aid to the collection of debts made in open violation of the law.

Following the rule of this court announced in *O. F. Haley Co. v. State,* 34 Okla. 300, 125 Pac. 736, the judgment of the lower court should be affirmed.

By the Court: It is so ordered.